IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE ARLENE BALCH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO. 20-1043 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                                     October 29, 2020

Catherine Arlene Balch ("Plaintiff") seeks review of the Commissioner's decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand the case to the Defendant for consideration by a properly appointed Administrative Law Judge ("ALJ") other than the one who originally considered Plaintiff's claim.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on January 5, 1977, and applied for DIB and SSI on September 22, 2015, alleging disability as of October 30, 2014, due to migraine disease, fibromyalgia, depression, chronic insomnia, small fiber polyneuropathy, borderline personality disorder, Lyme Disease, idiopathic hypomotility of the intestines, severe memory loss, and loss of cognitive function. Tr. at 73, 201-03, 210, 211-14, 220. After her claims were denied initially, id. at 221-25, 226-30, she requested a hearing before an ALJ, id. at 231-32, which took place on March 29, 2018. Id. at 68-111. On July 20, 2018, the ALJ denied Plaintiff's claim. Id. at 39-57. On July 8, 2019, the Appeals

Council denied Plaintiff's request for review, id. at 17-20, making the ALJ's July 20, 2018 decision the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 416.472.

Plaintiff initiated this action by filing her complaint on February 24, 2020.  Doc. 2.  In response to Plaintiff's brief in support of her request for review, Defendant filed an uncontested motion for remand.  Docs. 19 & 20.[1]

## II.     DISCUSSION

One of Plaintiff's arguments is that the ALJ who considered her case was not properly appointed under the Appointments Clause and thus lacked the authority to preside and issue a decision.  Doc. 19 at 23-24 (citing Lucia v. SEC, 138 S. Ct. 2044 (2019)).  Earlier this year, the Third Circuit ruled that a Lucia claim is not waived even if it was not raised at the administrative level, and that to remedy a Lucia error the court must remand to a properly appointed ALJ other than the ALJ whose decision is under review.  See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 159-60 (3d Cir. 2020).  In his uncontested motion for remand, the Commissioner does not specifically address this issue, but offers that on remand, the case will be referred to a different ALJ for further evaluation.  Doc. 20 at 1.  This claim alone requires remand to a properly appointed ALJ other than the one that previously considered Plaintiff's claims.

---

[1]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

Plaintiff also challenges the merits of the ALJ's decision. Because the matter should be remanded for a de novo determination before another ALJ in any event, I comment only briefly on Plaintiff's merits challenge.

Review of the record reveals that Plaintiff suffers from a significant number of impairments, both physical and mental, with diagnoses including fibromyalgia, chronic migraine, muscle spasm and neck pain, joint pain, narrowing of the L5-S1 disc space, tendinosis of the left shoulder, gastroparesis, history of concussion, tear of the right acetabular labrum (soft tissue in the hip), anxiety, depression, memory loss, and an undifferentiated connective tissue disease unrelated to her fibromyalgia. Tr. at 207, 1795, 1934, 1935, 1940. Plaintiff argues that the ALJ improperly discounted the medical opinions in the record, sixteen of which Plaintiff claims support a finding of disability. Doc. 19 at 14-16. Plaintiff further contends that the ALJ's misinterpretation of the evidence and the improper consideration of the medical opinion evidence undermined the ALJ's consideration of the Listings at step three of the sequential evaluation, his determination of Plaintiff's RFC, and his questioning of the Vocational Expert ("VE"), resulting in a decision that was not supported by substantial evidence. Id. at 9-13.

In his decision, the ALJ reviewed a number of medical assessments, giving little or partial weight to each, noting inconsistencies with Plaintiff's activities, the record as a whole, or medical records post-dating the evaluation, or finding that the doctor had opined on the ultimate issue of disability which is reserved to the Commissioner. Tr. at 51-55. The ALJ's discussion, although lengthy, fails to address the factors set forth in the regulations for the consideration of opinion evidence (for claims filed prior to March 27,

2017), which include consideration of the examining and treatment relationship between doctor and patient, supportability, consistency, and specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). Here, the ALJ repeatedly gave lesser weight to opinion evidence as inconsistent with the record as a whole, without acknowledging underlying test results or reviewing the modalities used to address the impairment lending support to the doctors' opinions.

Additionally, Plaintiff argues that the ALJ relied significantly on one specific event, Plaintiff's attendance at and performance in a "Rolling Thunder" parade, to discount the opinion evidence. Doc. 19 at 6-8. Plaintiff offers a specific example of this allegedly flawed consideration of the opinion evidence, noting that Plaintiff's treating neurologist, William Young, M.D., found that Plaintiff's headaches are triggered by light, stress, noise, and moving around. Doc. 19 at 16 (citing tr. at 1919-22).[2] The ALJ discounted this opinion, relying on Plaintiff's activity "playing drums in a bagpipe band," without discussing the doctor's notes or the treatment Plaintiff underwent to address her headache issues. Tr. at 54.[3] On remand, I suggest a more balanced analysis of the opinions offered by Plaintiff's treating physicians to include evaluation of the medical

---

[2]The assessment was prepared by a nurse practitioner and Dr. Young agreed with the assessment. Tr. at 1922.

[3]Plaintiff argues that the VE's testimony establishes that Plaintiff's need for a quiet environment is work preclusive. Doc. 19 at 13. I disagree with Plaintiff's characterization. Although the ALJ expressed an intention to pose a third hypothetical limited to a quiet environment, tr. at 106, he failed to include such a limitation in the third hypothetical. Id. at 107. Thus, there is no evidence in the record regarding the availability of jobs based on a quiet environment.

evidence and records offered by the treating physician in support of his or her opinion along with Plaintiff's activities.

Reconsideration of the medical and mental health treatment evidence and opinion evidence will necessarily result in reconsideration of the Listings and Plaintiff's RFC, and require additional vocational testimony.[4]

### III.  CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.  In accordance with Cirko, I will require that the case be considered by a different ALJ.  On remand, the ALJ shall consider the matter de novo and obtain any updated records and/or opinions to clarify the degree of Plaintiff's limitations, if deemed necessary.

An appropriate Order and Judgment Order follow.

---

[4] Although the administrative record appears complete, in her brief, Plaintiff refers to rheumatology notes on page 1972. Doc. 19 at 2. It is unclear whether this is a typographical error or if pages are missing from the record as the record ends on page 1944.